UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JORDAN VALENTINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16 CV 1520 CDP |
| ) | |
| MIDLAND FUNDING, LLC, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff alleges that defendant debt collector obtained a default judgment against him in Missouri associate circuit court for $891.04. In a subsequent garnishment action, defendant allegedly increased the total amount to include additional costs that were not awarded in the default judgment, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Defendant moves to dismiss the action, arguing that plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6) and that plaintiff's claim is barred by the *Rooker-Feldman* doctrine and the FDCPA's one-year statute of limitations. Defendant's motion will be denied.

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 16(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true

and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Neitzke*, 490 U.S. at 327.

When viewed under the relevant standards, plaintiff plausibly alleges that defendant violated the FDCPA by impermissibly adding court costs not awarded in the default judgment in the subsequent garnishment action. *See Hageman v. Barton*, 817 F.3d 611, 620 (8th Cir. 2016). Plaintiff plausibly alleges that these court costs – from a prior action dismissed by defendant because it was filed in the wrong court – were not awarded as costs in the default judgment and were improperly added by defendant in the subsequent garnishment action. These facts are sufficient to allege a violation of the FDCPA. *See id.* As such, plaintiff's complaint states a claim under the FDCPA.[1]

---

[1] Defendant's argument that it is insulated from liability because it has a "Transcript of Judgment" listing the amount it sought to collect in the garnishment action fails for the reasons set out in plaintiff's opposition brief -- namely, that a "Transcript of Judgment" in associate circuit court is not the actual judgment, but instead a document prepared in aid of execution of judgment. Moreover, it is not this Transcript of Judgment, or the corresponding real estate lien

Defendant's argument regarding the *Rooker-Feldman* doctrine also fails. Plaintiff is not seeking relief from the underlying state court default judgment itself. Instead, he alleges statutory violations seeking statutory penalties based on defendant's actions in the process of obtaining a garnishment order. As such, the *Rooker-Feldman* doctrine does not apply or preclude his claim. *See id.* at 615-16 ("FDCPA claims often involve allegations of misconduct in underlying and completed state-court litigation. The fact of prior litigation and the existence of a prior collection-related judgment, however, does not in and of itself trigger application of the *Rooker-Feldman* doctrine .").

Finally, as the conduct violative of the FDCPA is alleged to have occurred on June 10, 2016, and this case was filed in August of 2016, it is not barred by the FDCPA's one-year statute of limitations.

Defendant's arguments relating to issue and claim preclusion are not considered by the Court as they were improperly raised for the first time in a reply brief. *See Jo Ann Howard & Associates, P.C. v. Cassity*, 4:09CV1252 ERW, 2013 WL 797972, at *4 (E.D. Mo. Mar. 5, 2013). For these reasons, defendant's motion to dismiss is denied.

---

that arose because of this document, that plaintiff is challenging. Instead, plaintiff is challenging defendant's actions in connection with garnishment proceedings, which affected his wages, not his real property.

This case will be set for a scheduling conference by separate Order.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss [7] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of December, 2016.